# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-01675-RGK-PD | Date | May 7, 2021 |
|---|---|---|---|
| Title | *Eliazar Olea v. Teichert Pipelines, Inc. et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendant's Motion to Dismiss [DE 12]; Plaintiff's Motion to Remand [DE 17]

## I. INTRODUCTION

Eliazar Olea ("Plaintiff") filed a class-action complaint in California state court against Teichert Pipelines, Inc. ("Defendant") alleging claims for: (1) Failure to Pay Minimum Wage, Cal. Lab. Code §§ 1182.12, 1194, 1197, & 1198; (2) Failure to Pay Overtime Compensation, Cal. Lab. Code §§ 1198 & 510; (3) Failure to Pay Meal Period Compensation, Cal. Lab. Code §§ 226.7 & 1198; (4) Failure to Pay Rest Period Compensation, Cal. Lab. Code §§ 226.7 & 1198; (5) Failure to Pay Wages Upon Discharge, Cal. Lab. Code §§ 201 & 202; (6) Failure to Indemnify, Cal. Lab. Code § 2802; and (7); Unfair Competition, Bus. & Prof. Code § 17200 *et seq*.

On February 23, 2021, Defendant removed the case to this Court based on federal question jurisdiction. Now before the Court are Defendant's Motion to Dismiss and Plaintiff's Motion to Remand. For the following reasons, the Court **GRANTS** Defendant's Motion and **DENIES as moot** Plaintiff's Motion.

## II. FACTUAL BACKGROUND

Plaintiff alleges the following:

Defendant employed Plaintiff as a laborer from March 2019 through July 18, 2019. Plaintiff's superiors controlled his clock-in and clock-out records. Unsurprisingly, they did not accurately track the time Plaintiff worked.

Plaintiff, for example, would start two hours before his official clock-in time. During that time, he ran work errands such as picking up company cars and driving them to his work site. Even though Plaintiff was working, he was not paid for this work. This led to him not being paid at the proper minimum wage and overtime rates. And Plaintiff was often required to work more than eight hours per day and more than 40 hours per week without overtime pay.

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01675-RGK-PD | Date | May 7, 2021 |
|---|---|---|---|
| Title | *Eliazar Olea v. Teichert Pipelines, Inc. et al* | | |

Plaintiff's meal and rest breaks also did not properly reflect his work conditions. For example, Plaintiff would routinely work more than five hours without a 30-minute meal break. He also regularly worked over ten hours per day without a second meal break. Even if he worked through a meal break, one of his superiors would clock him out. And when he did receive meal breaks, he was often "on call," cutting his breaks short. Defendant thus failed to compensate Plaintiff for these missed breaks.

Defendant also failed to maintain accurate payroll records. Plaintiff therefore did not receive complete and accurate wage statements. Nor did Defendant reimburse Plaintiff for his business expenses. And after Defendant ultimately terminated Plaintiff's employment, Plaintiff did not receive payment of all wages due, including overtime wages, minimum wages, meal and rest period premiums, and accrued vacation time within permissible time periods.

## III. JUDICIAL STANDARD

### A. Motion to Dismiss

Under Federal Rule of Civil Procedure ("Rule") 8(a), a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If a complaint fails to adequately state a claim for relief, the defendant may move to dismiss the claim under Rule 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible if the plaintiff alleges enough facts to allow the court to draw a reasonable inference that the defendant is liable. *Id.* A plaintiff need not provide detailed factual allegations, but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

When ruling on a 12(b)(6) motion, the court must accept the allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Dismissal is "appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

### B. Motion to Remand

Under 28 U.S.C. § 1441(a), a defendant may remove a case from state court "if the federal court could have exercised original jurisdiction in the first instance." *Polo v. Innovations Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) (emphasis omitted). Federal courts must "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The strong

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01675-RGK-PD | Date | May 7, 2021 |
|---|---|---|---|
| Title | *Eliazar Olea v. Teichert Pipelines, Inc. et al* | | |

presumption against removal jurisdiction places the burden on the defendant to show by a preponderance of the evidence that removal is proper. *Id.* at 566–67.

In questions of jurisdiction, all the factual allegations in the complaint are evaluated in the light most favorable to the plaintiff. *Saridakis v. United Airlines*, 166 F.3d 1272, 1275–76 (9th Cir. 1999). To determine federal question jurisdiction, federal courts typically only look to the plaintiff's complaint. *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027, 1035 (9th Cir. 2014). But when a defendant asserts that a claim is completely preempted, examination of extra-pleading material is permitted. *Id.*

## IV. DISCUSSION

### A. Defendant's Motion to Dismiss

As a starting point, Defendant argues that two collective bargaining agreements ("CBAs"), one from 2015–18 and the other from 2018–22, preempt Plaintiff's claims. Plaintiff counters that he is not subject to the CBAs because the 2018–22 CBA is invalid.[1]

The crux of Plaintiff's argument centers on the fact that the 2015–18 CBA expired on June 30, 2018. The 2018–22 CBA, in turn, was effective starting July 1, 2018, but was not signed until September 2018. Thus, according to Plaintiff, the few-month gap between the signing of the 2018–22 CBA and when it was supposed be effective, rendered it invalid. He is wrong.

Employers and unions can enter into valid CBAs that apply retroactively. *See Hall v. Live Nation Worldwide, Inc.*, 146 F. Supp. 3d 1187, 1198 (C.D. Cal. 2015); *Univ. of Hawaii Professional Assembly v. Cayteno*, 183 F.3d 1096, 1100 (9th Cir. 1999) (accepting that a CBA signed on January 27, 1997 applied retroactively to July 1, 1995 because it said it did). That the agreement was not signed until September does not invalidate its July 1, 2018 effective date; there is thus no gap between the 2015–18 CBA and the 2018–22 CBA.

Turning now towards the merits, although Defendant asserts that all seven of Plaintiff's claims are preempted, the Court considers the claim that is the focus of the moving papers first: Plaintiff's overtime claim.

---

[1] Plaintiff also asserts that "at some point in time [he] was transferred from San Bernardino county to Sacramento, California to work for Defendant." (Srourian Decl. ¶ 3, ECF No. 15-1). But by his own admission, Plaintiff worked for Defendant in San Bernardino County, an area covered by the CBA. Plaintiff also concedes that "union dues were taken out of his paychecks." (Opp'n Mot. Dismiss at 17). Thus, as long as Plaintiff's claims arose while he worked in Southern California, he is subject to the CBA.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01675-RGK-PD | Date | May 7, 2021 |
|---|---|---|---|
| Title | *Eliazar Olea v. Teichert Pipelines, Inc. et al* | | |

Defendant argues that § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, preempts Plaintiff's state law claims. Section 301 preemption confers federal question jurisdiction for suits involving a violation of a CBA between an employer and a labor organization. 29 U.S.C. § 185(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("[A]ny claim purportedly based on [a] pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.").

To determine whether § 301 preempts state law claims, the Ninth Circuit has adopted a two-step inquiry. *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032–34 (9th Cir. 2016). First, a court must determine whether the asserted claim involves a right conferred to an employee through state law, or if a CBA confers that right. If the right exists only because of the CBA, "the claim is preempted, and our analysis ends." *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007).

But if the right underlying the claim exists independently of the CBA, the court proceeds to the second step of the analysis. *Dent v. Nat'l Football League*, 902 F.3d 1109, 1116 (9th Cir. 2018). At this stage, a court must "decide whether the claim can be resolved by *looking to* versus *interpreting* the CBA." *Burnside*, 491 F.3d at 1060 (internal quotation marks omitted) (emphasis added). When a state law claim can be resolved without interpreting the CBA itself, there is no § 301 preemption. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 409–10.

On the other hand, if a state law claim is "substantially dependent" on an interpretation of the CBA, § 301 preemption applies. *Caterpillar*, 482 U.S. at 394. Interpretation in this context is "defined narrowly—it [requires] something more than [to] 'consider,' 'refer to,' or 'apply.'" *McCray v. Marriott Hotel Servs.*, 902 F.3d 1005, 1011 (9th Cir. 2018). Section 301 preemption therefore is not triggered when there is no "active dispute over the meaning of contract terms." *Dent*, 902 F.3d at 1116; *see Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994). Particularly, consulting a CBA for a "purely factual inquiry," or to "calculate damages or ascertain that an issue is not addressed by the CBA," does not satisfy the interpretation requirement for preemption purposes. *Dent*, 902 F.3d at 1117; *see Lingle*, 486 U.S. at 413, n.12 (finding no preemption where "a collective-bargaining agreement may . . . contain information such as rate of pay and other economic benefits that might be helpful in determining the damages to which a worker prevailing in a state-law suit is entitled.").

   1. *Failure to Pay Overtime Wages Claim Is Preempted*

Plaintiff bases his overtime claim on Defendant's violation of California Labor Code §§ 1198, 510, *et seq*.

Defendant argues that this claim is preempted because § 514 of the Labor Code expressly provides that § 510 "do[es] not apply to an employee covered by a valid collective bargaining agreement" if the CBA meets certain requirements. Cal. Lab. Code § 514. Plaintiff counters that while §

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01675-RGK-PD | Date | May 7, 2021 |
|---|---|---|---|
| Title | *Eliazar Olea v. Teichert Pipelines, Inc. et al* | | |

514 may provide an affirmative defense for Defendant, it is not a basis for preemption. (*See* Mot. Remand at 11–12, ECF No. 17).

*Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146 (9th Cir. 2019) appears to address this very issue.[2] There, a plaintiff brought overtime claims under § 510. *Id.* at 1153. After analyzing California caselaw and § 510's legislative history, the Ninth Circuit concluded that California had "deemed it appropriate to allow unionized employees to contract around section 510(a)'s requirements." *Id.* at 1154. And "when such a bargain has been struck, courts look to the CBA to determine the definition of overtime." *Id.* at 1155. Thus, "if [the plaintiff's] CBAs in this case meet the requirements of section 514, [the plaintiff's] right to overtime 'exist solely as a result of the CBA,' and therefore is preempted under § 301." *Id.* at 1154. The Ninth Circuit then found that the plaintiff's CBA satisfied § 514's requirement, preempting his overtime claim. *Id.* at 1155.

The only question therefore is whether the CBA here complies with § 514. If it does, Plaintiff's right to overtime "exists solely as a result of the CBA," *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016), and "his claim fails at step one of the preemption analysis," *Curtis*, 913 F.3d at 1155.

To meet § 514's requirements, a valid collective bargaining agreement must:

> expressly provide[] for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.

Cal. Lab. Code § 514.

The CBA here meets those conditions.[3] It provides a wage scale. (Article XIX of 2015–18 CBA; 2018–22 CBA, Request for Judicial Notice, ECF No. 1-3). Hours worked are accounted for. (Article XVIII(A)). It provides working conditions. (Articles XVI) ("Meal Period," "Breaks (Rest Periods)"); (Article XVII) ("Safety, Rest Periods, Parking, Drinking Water, Jobsite Transportation, Signing of

---

[2] Although Plaintiff references many older cases, he (along with Defendant) do not cite recent Ninth Circuit cases—some of which explicitly overrule Plaintiff's authority. For example, Plaintiff relies on *Gregory v. SCIE, LLC*, 317 F.3d 1050 (9th Cir. 2003). (*See, e.g.*, Opp'n at 11–12). Yet *Curtis* overrules *Gregory*. 913 F.3d at 1155 ("Accordingly, we conclude that *Gregory* was overruled by intervening California case law.").

[3] Courts may take judicial notice of CBAs for purposes of a motion to dismiss in labor law cases. *See Loaiza v. Kinkisharyo Int'l, LLC*, No. LA CV 19-07662 JAK (KSx), 2020 WL 5913828, at *15 (taking judicial notice of CBAs and citing other cases that have done so as well).

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-01675-RGK-PD | Date | May 7, 2021 |
|---|---|---|---|
| Title | *Eliazar Olea v. Teichert Pipelines, Inc. et al* | | |

Documents). There's an overtime rate. (Article XIX(A)) ("Time and one-half, except hours worked over twelve (12) in a single workday, Sundays and Holidays, which are double time (2x)."). Finally, the regular hourly rate of pay, $31.39 in 2018 and $34.24 in 2019, (Article XIX), is over 30% higher than the state's minimum wage, $11 in 2019 and $12 in 2019, (*see* Minimum Wage, State of California Department of Industrial Relations, https://www.dir.ca.gov/dlse/faq_minimumwage).

Plaintiff's overtime claim is therefore preempted—this alone is a basis for dismissal. *Hall*, 146 F. Supp. 3d at 1204 ("The fact that plaintiffs' first and third causes of action are preempted by § 301 is alone a sufficient basis for dismissal.") (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985)).

As a result, the Court dismisses Plaintiff's overtime claim.

  2. *Plaintiff's Remaining Claims Are Dismissed for Failure to Comply with CBAs' Arbitration and Grievance Procedures*

The Court now turns to Plaintiff's remaining claims: for failure to pay minimum wage (claim 1), missed meal and rest period violations (claims 3–4), failure to pay final wages upon discharge (claim 5), failure to reimburse for business expenses (claim 6), and violation of California's Bus. & Prof. Code (claim 7). Although Defendant argues that these claims are also preempted, the Court need not analyze the two-step step preemption analysis for each claim. Rather, it considers Defendant's other argument for these claims: whether they are subject to the CBAs' "Grievance of Disputes" provisions, which requires certain disputes either go to arbitration or through the CBAs' grievance procedures.

A CBA may waive an employee's right to a judicial forum for statutory claims when such waiver is "clear and unmistakable." *Wright v. Universal Mar. Serv. Corp.*, 525 U.S. 70, 80–81 (1998). A CBA's arbitration waiver is "clear and unmistakable" when it identifies the specific statutes it applies to. *See Wawock v. CSI elec. Contractors, Inc.*, 649 Fed. App'x 556, 558 (9th Cir. 2016); *Loaiza v. Kinkisharyo Int'l, LLC*, No. LA CV 19-07662 JAK (KSx), 2020 WL 5913828, at *17 (C.D. Cal. Oct. 6, 2020) ("Recent, unpublished Ninth Circuit cases cite to the consensus among circuit courts that a CBA must identify specific statutes to provide a clear and unmistakable waiver."). "Provisions that attempt to 'to provide a blanket waiver to all federal and state causes of action have been routinely rejected by both the U.S. Supreme Court and Ninth Circuit.'" *Loaiza*, 2020 WL 5913828, at *17 (C.D. Cal. Oct. 6, 2020) (quoting *Smith v. Serv. Employees Int'l Union, Loc. 521*, No. 16-CV-02547, 2016 WL 4268713, at *8 (N.D. Cal. Aug. 14, 2016)).

Here, the CBAs are "clear and unmistakable" because they specifically identify Wage Order 16, "the California Labor Code Sections identified in California Labor Code section 2699.5," and "Labor Code section 2698, et seq." (Appendix C, "Grievance of Disputes"). Most applicable here is the second identified statute—Labor Code § 2695.5. That statute contains a list of other statutes that would now be

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01675-RGK-PD | Date | May 7, 2021 |
|---|---|---|---|
| Title | *Eliazar Olea v. Teichert Pipelines, Inc. et al* | | |

subject to arbitration or the grievance procedures under the CBAs. All of Plaintiff's asserted claims are listed.

Plaintiff argues that the reference to Labor Code § 2699.5 is not a "clear and unmistakable" wavier because it is a statute that references other statutes. (*See* Opp'n Mot. Dismiss at 16). Yet Plaintiff offers no authority for why this would be problematic.

Generally, waivers are not "clear and unmistakable" when they do not reference any statute at all or attempt to provide a blanket waiver to all federal and state causes of action. *See Wawock*, 649 Fed App'x at 559 (rejecting CBA's arbitration waiver that required arbitration for "all grievances or questions"); *Vasserman v. Henry Mayo Newhall Memorial Hosp.*, 65 F. Supp. 3d 932, 964 (C.D. Cal. 2014) ("When a CBA's grievance and arbitration procedure does not directly reference the statutes at issue, courts have concluded that the agreement does not contain a "clear and unmistakable waiver" of an employee's right to a judicial forum."); *Loaiza*, 2020 WL 5913282, at *18 (rejecting CBA waiver that applied to "disputes regarding whether an employee is paid untimely or inaccurately under applicable state or federal law"); *see also Smith*, 2016 WL 4268713, at *8 (collecting cases). But that is not what happened here. The waiver does not try to waive all federal and state causes of action. Instead, the provision identifies a statute and then more specifically states that the waiver applies to "the California Labor Code Sections identified" within that statute. The waiver was therefore "clear and unmistakable."

####### a. *Meal and Rest Break Claims*

The Court first disposes of the meal and rest period claims (claims 3–4) because "Plaintiff concedes that if the CBAs are binding on the parties to this action [] the CBA is Plaintiff's exclusive remedy for *meal and rest break issues* and overtime pay." (Opp'n Mot. Dismiss at 15).

Given the CBAs application and Plaintiff's concession, the Court dismisses Plaintiff's meal and rest break claims.

####### b. *Plaintiff's Remaining Claims*

The rest of Plaintiff's claims must also be dismissed because Plaintiff admits he has not gone through the CBAs' grievance procedures and arbitration, (*see* Opp'n at 15–16), and his claims arise out of the "California Labor Code Sections identified in California Labor Code section 2699.5":

> The provisions of subdivision (a) of Section 2699.3 apply to any alleged violation of the following provisions: subdivision (k) of Section 96, Sections 98.6, **201**, 201.3, 201.5, 201.7, 202, **203**, 203.1, 203.5, 204, 204a, 204b, 204.1, 204.2, 205, 205.5, 206, 206.5, 208, 209, and 212, subdivision (d) of Section 213, Sections 221, 222, 222.5, 223, and 224, paragraphs (1) to (5), inclusive, (7), and (9) of subdivision (a) of Section 226, Sections 226.7, 227, 227.3, 230, 230.1, 230.2, 230.3, 230.4, 230.7, 230.8, and 231, subdivision (c) of Section 232, subdivision (c) of Section

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01675-RGK-PD | Date | May 7, 2021 |
|---|---|---|---|
| Title | *Eliazar Olea v. Teichert Pipelines, Inc. et al* | | |

232.5, Sections 233, 234, 351, 353, and 403, subdivision (b) of Section 404, Sections 432.2, 432.5, 432.7, 435, 450, 510, 511, 512, 513, 551, 552, 601, 602, 603, 604, 750, 751.8, 800, 850, 851, 851.5, 852, 921, 922, 923, 970, 973, 976, 1021, 1021.5, 1025, 1026, 1101, 1102, 1102.5, and 1153, subdivisions (c) and (d) of Section 1174, Sections **1194**, **1197**, 1197.1, 1197.5, and **1198**, subdivision (b) of Section 1198.3, Sections 1199, 1199.5, 1290, 1292, 1293, 1293.1, 1294, 1294.1, 1294.5, 1296, 1297, 1298, 1301, 1308, 1308.1, 1308.7, 1309, 1309.5, 1391, 1391.1, 1391.2, 1392, 1683, and 1695, subdivision (a) of Section 1695.5, Sections 1695.55, 1695.6, 1695.7, 1695.8, 1695.9, 1696, 1696.5, 1696.6, 1697.1, 1700.25, 1700.26, 1700.31, 1700.32, 1700.40, and 1700.47, Sections 1735, 1771, 1774, 1776, 1777.5, 1811, 1815, 2651, and 2673, subdivision (a) of Section 2673.1, Sections 2695.2, 2800, 2801, **2802**, 2806, and 2810, subdivision (b) of Section 2929, and Sections 3073.6, 6310, 6311, and 6399.7. Cal. Lab. Code § 2699.5.

Cal. Lab. Code § 2699.5. (emphasis added). The Court has bolded each of the relevant statutes.

Start with Plaintiff's minimum wage claim (claim 1). He asserts this claim under "Labor Code §§ 1194, 1194.2, and 1197." (Compl. ¶ 72). As can be seen above, each of these Labor Code sections are listed in § 2699.5. This claim was therefore subject to the CBAs' grievance and arbitration procedures. Plaintiff must therefore use those mechanisms to adjudicate his claims, requiring dismissal here.

Next is Plaintiff's failure to pay final wages upon discharge claim, which he brings under Cal. Lab. Code §§ 201 & 203 (claim 5). (*See* Compl. ¶ 106). Those sections are also covered by § 2699.5, meaning the CBAs' grievance and arbitration procedures apply.

Now turn to Plaintiff's failure to reimburse claim brought under Labor Code § 2802 (claim 6). (Compl. ¶ 110). Again, § 2802 is part of § 2699.5's list of statutes, which means, again, this claim must go through the grievance and arbitration procedures.

Plaintiff's final claim is for violating California's unfair competition laws ("UCL"), which is not part of the list of statutes under § 2699.5. But the Court likewise dismisses this claim because it is derivative of Plaintiff's other dismissed claims. *Vasserman*, 65 F. Supp. 3d at 963–64 ("Finally, Vasserman's UCL claim is wholly derivative of her other state law claims; the 'unfair business practices' in which Vasserman contends Newhall memorial has engaged are violations of the state Labor Code."); *see also Hall*, 146 F. Supp. 3d at 1204 (dismissing UCL claim because it was derivative of the other claims); *Loaiza*, 2020 WL 2913282, at *21 (same).

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01675-RGK-PD | Date | May 7, 2021 |
|---|---|---|---|
| Title | *Eliazar Olea v. Teichert Pipelines, Inc. et al* | | |

### 3. Conclusion

In sum, Plaintiff's overtime claim was preempted and therefore dismissed. His remaining claims were subject the CBAs' grievance and arbitration procedures. Thus, Defendant's Motion to Dismiss is granted, and all of Plaintiff's claims are dismissed.

### B. **Plaintiff's Motion to Remand**

The Court now addresses Plaintiff's Motion to Remand.

Essentially, Plaintiff argues that he did not plead a federal claim, and Defendant's removal therefore violates the well-pleaded complaint rule. But under the doctrine of "complete pre-emption," the pre-emptive force of a statute may be "so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)). Thus, when federal law completely preempts an area of state law, "any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.* The Supreme Court has applied the complete preemption doctrine as grounds for removal in this very context. *See Beneficial Nat'l Bank v. Anderson*, 529 U.S. 1, 6–7 (2002) (citing *Avco Corp v. Machinists*, 390 U.S. 557 (1968)); *see also Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1107 (9th Cir. 2000). So it does not matter that Plaintiff did not plead a federal claim—his state law claims are removable if they are completely preempted by the LMRA.

Once a claim is preempted under § 301, it is removable. *See Garcia v. Service Employees Int'l Union*, 993 F.3d 757, 764 (9th Cir. 2021) ("To determine whether any state law claim is *preempted and removable*, 'we need only inquire whether the claim arose under section 301.'") (emphasis added). From there, courts in this circuit have subsequently denied motions to remand based on § 510 claims if the CBA meets § 514's requirements. *See Jauregui v. Cytec Engineered Materials, Inc.*, No. SA CV 21-00320-DOC-(DFMx), 2021 WL 1153992, at *4 (C.D. Cal. Mar. 26, 2021) ("Plaintiff's CBA satisfies § 514 and so his overtime claim is governed by the CBA rather than state law."); *Loaiza*, 2020 WL 5913828, at *4–5 ("Plaintiffs argue that Section 514 is an affirmative defense that does not give rise to preemption . . . . *Curtis* holds that Section 514 bars any claim under Section 510 and leads to preemption."); *Armenta v. State Bros. Markets*, No. 5:20-cv-02364-MCS-KK, 2021 WL 1102444, at *3 (C.D. Cal. Mar. 23, 2021); *Radcliff v. San Diego Gas & Electric Co.*, No. 3:20-cv-01555-H-MSB, 2021 WL 532258, at *5 (S.D. Cal. Feb. 12, 2021). *But see Gonzalez Quiroz v. Coffman Specialties, Inc.*, No. 20-CV-1779-CAB-AHG, 2020 WL 7258725, at *4 (S.D. Cal. Dec. 10, 2020).

As explained above, Plaintiff's overtime claim was preempted, making it removable. And to the extent the other claims were not preempted, the Court had supplemental jurisdiction over them under 28 U.S.C. § 1367. *Garcia*, 993 F.3d at 764 n.5 ("The district court also had supplemental jurisdiction over the non-preempted pendant state law claims.").

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01675-RGK-PD | Date | May 7, 2021 |
|---|---|---|---|
| Title | *Eliazar Olea v. Teichert Pipelines, Inc. et al* | | |

At bottom, Defendant's removal was proper. And as the Court has already dismissed Plaintiff's claims, the Motion to Remand is denied as moot.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss and **DENIES as moot** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

:

Initials of Preparer